JOHN DOE, *ex demise* of WILLIAM H. DAVIS *et al.*, plaintiffs in error, *vs.* RICHARD ROE, casual ejector, and TERRY DAVIS, tenant in possession, defendants in error.

1. Where the common law action of ejectment was brought, it was error in the Court on the motion of defendant to order the plaintiffs to exhibit the title deeds upon which they relied, for the purpose of enabling him to make his defense. (R.)

2. If it had been shown to the Court, by competent evidence, that the deed under which the plaintiff claimed title was a forgery, and its production had been required for the purpose of being annexed to interrogatories, to establish the forgery, its production might properly have been ordered. (R.)

Ejectment. Production of deeds. Before Judge HARRELL. Clay Superior Court. March Term, 1872.

For the facts of this case, see the decision of the Court.

HOOD & KIDDOO, for plaintiff in error.

THOMAS F. JONES; H. FIELDER, for defendants.

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiff against the defendant, on the several demises of William H. Davis, and Simeon Tinor, as guardian of the minor children and heirs-at-law of Thomas J. Carnes. At the appearance term the defendants' counsel asked the Court to grant an order requiring the plaintiffs' counsel to exhibit the title deeds, upon which they relied for a recovery of the premises in dispute, to the counsel for the defendants, and permit them to take an abstract or memorandum of the same, or furnish copies there-

of on the representation of defendants' counsel, that they could not make their defense without a knowledge of the plaintiffs' title. The plaintiffs' counsel objected to the order of the Court, requiring him to produce his client's title deeds, but his objection was overruled, and the order was granted, to which the plaintiffs' counsel excepted. If it had been shown to the Court, by competent evidence, that the deed under which the plaintiff claimed title to the land was a forgery, and its production had been required for the purpose of being annexed to interrogatories to prove the forgery thereof, then the Court might have required the production of the deed or deeds for that purpose: *Faircloth vs. Jordan,* 15 *Ga. R.,* 511. This action was not brought under the statutory or short form of action for the recovery of land, but according to the form of action which existed, and was in use by the common law, and we know of no law or rule of practice which would authorize the Court to compel the counsel for the plaintiff, in an action of ejectment, to produce his client's title papers, to enable the defendant to make out his defense to his action.

Let the judgment of the Court below be reversed.